UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**FERRIE ARVADA HAMPTON**                                                                **PLAINTIFF**

v.                                                                   **CIVIL ACTION NO. 1:10CV-53-R**

**LIFESKILLS CORPORATION** *et al.*                                        **DEFENDANTS**

## MEMORANDUM OPINION

Acting without the assistance of counsel, Plaintiff Ferrie Arvada Hampton filed this action by filling out a general complaint form. Plaintiff sues the following individuals: Lifeskills Corporation, Dr. Melinda Blunk, Tammie Miller, Lisa Willams, Penny Macther, Lana Ray Cooben, Vicki Golden, and Mary Macathen. In the section of the form complaint asking Plaintiff to list the "grounds for filing this case in federal court," he states:

> a restraining order warrant for life skills and for theft of social security benefits and stolen food stamps and missing family that may not be found snake poisoning in injection needle made paper work of con for carrying getting health warrant

In the section of the form complaint asking Plaintiff to state the basis of his claim in more detail, he states: "Ku Ku Klan relations, mob relations, abolitionary (culture) cult and somono culture wontco culture, ancient mobbe, ancestral commit bye partial of a klan mobb."

Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the Court has a mandatory duty to screen initial filings. *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Specifically, a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. Additionally,

"[t]he *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.' 'Examples of the latter class,' we said, 'are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-38 (1989)). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted). Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Plaintiff's complaint does not explain how any of the Defendants were involved in the actions described in the complaint nor does the complaint identify any dates that any events occurred. In fact, it is impossible to even discern what exactly Plaintiff is complaining about. Because the Court concludes that Plaintiff's complaint fails to give Defendants fair notice of any civil claim(s) against them, it must be dismissed for failure to state a claim. Additionally,

Plaintiff's complaint is comprised of the type of bizarre and incomprehensible allegations that warrant dismissal as frivolous.

The Court will enter a separate Order of dismissal.

Date:

cc: Plaintiff, *pro se*

4413.008